IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLTON HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | No. 4:21-cv-1114-P |
| | § | |
| SHERIFF WAYBOURN, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Defendants Officer Ananti and Officer Walker for summary judgment. Having considered the motion, the response of Plaintiff, Charlton Harris, the record, the summary judgment evidence, and applicable authorities, the Court finds that the motion should be **GRANTED**.

## BACKGROUND

On October 4, 2021, the Clerk received for filing Plaintiff's complaint in this action. ECF No. 1. In it, Plaintiff, an inmate at the Tarrant County Jail, named as Defendants Sheriff Bill Waybourn, Officer Ananti, and Officer Walker. Because the facts set forth in the complaint were insufficient to state a claim, the Court required Plaintiff to complete a questionnaire to supplement his complaint. ECF No. 6. Plaintiff submitted his answers to the questionnaire, ECF No. 7, and the Court ordered that his claims against Defendant Waybourn be dismissed. ECF No. 8. The Court allowed Plaintiff to proceed with his claims against Officers Ananti and Walker. *Id.*

Plaintiff alleges that on September 18, 2021, Officer Ananti opened Plaintiff's cell door during pill call and, without provocation, punched him in the throat, injuring him. He alleges that

Officer Walker stood by, refusing to give aid or assistance. Further, the Officers did not allow

Plaintiff to receive his medication for hypertension. He seeks a declaration that Defendants

violated his constitutional rights, an injunction barring Defendants from abusing him,

compensatory damages of $250,000 from each Officer, and a personal release bond.

## GROUNDS OF THE MOTION

Defendants have filed a motion for summary judgment, urging that: (1) Plaintiff failed to

exhaust his administrative remedies, barring his claims; (2) Plaintiff cannot establish a physical

injury; (3) Officer Ananti did not use excessive force; (4) Officer Walker cannot be held liable on

a failure-to-protect theory; (5) neither Officer denied medical care to Plaintiff; and (6) Plaintiff is

not entitled to release. ECF No. 23.

## LEGAL STANDARDS

**A.      Summary Judgment**

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant

summary judgment on a claim or defense if there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the

court that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S.

317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of

evidence supporting one or more essential elements of the nonmoving party's claim, "since a

complete failure of proof concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial." *Id.* at 323. Once the movant has carried its burden

under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine

dispute as to each of the challenged elements of its case. *Id.* at 324; *see also* Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 597 (1986).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson*, 477 U.S. at 247-48. Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## B.      Exhaustion of Remedies

The law applicable to lawsuits brought by prisoners requires that no action be brought until administrative remedies are exhausted. 42 U.S.C. § 1997e(a). Exhaustion of remedies before filing suit is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Unexhausted claims cannot be pursued. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

## C.      Excessive Force

The constitutional rights of a pretrial detainee flow from the procedural and substantive due process guarantees of the Fourteenth Amendment. *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019). Under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Punishment includes deliberate

indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001). It also includes the use of excessive force that amounts to punishment. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

For deliberate indifference to rise to the level of a constitutional violation, the plaintiff must establish that an individual defendant knew of and disregarded an excessive risk to the plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). That is, the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A defendant's "failure to alleviate a significant risk that he should have perceived but did not" does not constitute a constitutional violation. *Id.* at 838. "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. Rather, the plaintiff must show that the defendant acted with subjective deliberate indifference. *Hare v. City of Corinth*, 74 F.3d 633, 648–49 (5th Cir. 1996) (*en banc*) (discussing *Farmer*). Deliberate indifference is an extremely high standard to meet. *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001).

As for a pretrial detainee's excessive force claim, the Supreme Court has determined that an objective standard applies. *Kingsley*, 576 U.S. at 397. That is, the pretrial detainee need only show that the force purposely or knowingly used against him was objectively unreasonable. *Id.* The court makes this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not in hindsight. *Id.* Further, the court must defer to policies and practices that in the judgment of jail officials are needed to preserve order and

4

discipline and maintain institutional security. *Id.* Factors that may bear on the reasonableness of

the force used include

> the relationship between the need for the use of force and the amount of force used;
> the extent of the plaintiff's injury; any effort made by the officer to temper or to
> limit the amount of force; the severity of the security problem at issue; the threat
> reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

## D.     Qualified Immunity

Qualified immunity insulates a government official from civil damages liability when the

official's actions do not "violate clearly established statutory or constitutional rights of which a

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For a

right to be "clearly established," that right's contours must by "sufficiently clear that a reasonable

official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483

U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the

defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant*, 502

U.S. 224, 228 (1991); *Anderson*, 483 U.S. at 639–40. In *Harlow*, the court explained that a key

question is "whether that law was clearly established at the time an action occurred," because "[i]f

the law at that time was not clearly established, an official could not reasonably be expected to

anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade

conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was

clearly established at the time, the court is to consider all relevant legal authority, whether cited by

the parties or not. *Elder v. Holloway*, 510 U.S. 510, 512 (1994). If public officials of reasonable

competence could differ on the lawfulness of defendant's actions, the defendant is entitled to

5

qualified immunity. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015); *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether the plaintiff has alleged any violation of a clearly established right, and if so, whether the individual defendant's conduct was objectively reasonable. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Duckett v. City of Cedar Park*, 950 F.2d 272, 276–80 (5th Cir. 1992). In so doing, the court should not assume that the plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. *Siegert*, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by the plaintiff are true, a violation has clearly occurred. *Connelly v. Comptroller*, 876 F.2d 1209, 1212 (5th Cir. 1989). Even if defendants are alleged to have acted in unison, the court must address the action of each individually to determine whether qualified immunity applies. *Cass v. City of Abilene*, 814 F.3d 721, 730–31 (5th Cir. 2016); *Meadours v. Ermel*, 483 F.3d 417, 421–22 (5th Cir. 2007); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999).

A mistake in judgment does not cause an officer to lose his qualified immunity defense. In *Hunter*, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley*, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.

502 U.S. at 229. "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." *Malley*, 475 U.S. at 341. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled

6

the situation better does not affect his entitlement to qualified immunity. *Young v. City of Killeen*, 775 F.2d 1349, 1352–53 (5th Cir. 1985).

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. *Kovacic v. Villareal*, 628 F.3d 209, 211–12 (5th Cir. 2010); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994). The standard is demanding. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. *White v. Pauly*, 580 U.S. 73, 137 S. Ct. 548, 551 (2017). That is, the clearly established law upon which the plaintiff relies should not be defined at a high level of generality but must be particularized to the facts of the case. *Id.* at 552. Thus, failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. *Id.*; *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017).

## ANALYSIS

The summary judgment record establishes that Plaintiff failed to exhaust his administrative remedies as to his claims against Defendant Officers. Plaintiff fails to address this ground in his response, apparently admitting its truth. ECF No. 27. Because exhaustion of remedies is mandatory and Plaintiff failed to exhaust those remedies, his claims must be dismissed. *Gonzalez*, 702 F.3d at 788.

Even if Plaintiff had exhausted his administrative remedies, he could not prevail on the merits of his claims. Defendants have thoroughly briefed the facts and law, and the Court need not duplicate their efforts. Suffice to say, the summary judgment evidence establishes that there was

7

no violation of Plaintiff's constitutional rights. Specifically, Officer Ananti did not punch Plaintiff in the throat as alleged. And, even if he did, Plaintiff did not suffer any physical injury as a result. 42 U.S.C. § 1997e(e); *Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014). Officer Walker was not in a position to have observed Officer Ananti punching Plaintiff, much less to have stopped him from doing so, had that actually happened (and it did not). Moreover, Defendants did not deny any medical care to Plaintiff. He received his medication on the evening in question. And he was seen on a regular basis by medical personnel, including four days after the alleged incident. Medical records show no evidence of any injury consistent with Plaintiff's allegations. *Gobert v. Caldwell*, 463 F.3d 339, 346 n.24 (5th Cir. 2006). Finally, for the reasons thoroughly discussed in Defendants' brief, they are entitled to qualified immunity. ECF No. 24.

## CONCLUSION

For the reasons discussed, Defendants' motion for summary judgment is **GRANTED** and Plaintiff's claims against Defendants Officer Ananti and Officer Walker are **DISMISSED with prejudice**.

**SO ORDERED** this **27th day** of **June, 2022**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

8